NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0685n.06

No. 10-5243

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Sep 26, 2011***

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    **Plaintiff/Appellee,** )
)     **On Appeal from the United**
v. )     **States District Court for the**
)     **Western District of Kentucky**
  **MICHAEL D. SPALDING,** )
)
    **Defendant/Appellant.** )

Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

**GREER, District Judge**. Defendant, Michael D. Spalding ("Spalding"), was convicted of possession of cocaine base and being a felon in possession of a firearm. He now appeals the district court's denial of his motion to dismiss on grounds that the government had destroyed potentially exculpatory evidence and its failure to give a "spoliation" jury instruction. We affirm.

**I.**

Spalding was arrested on March 1, 2006, after Louisville police officers, conducting a narcotics investigation, attempted to stop the Lincoln Aviator he was driving after they observed a traffic violation. Spalding abandoned the vehicle and fled on foot. Officers giving chase observed Spalding dispose of a loaded, semi-automatic weapon and a baggie containing crack cocaine. When Spalding was removed from a police vehicle after his arrest, officers found another bag of crack cocaine on the floor in front of where he had been sitting.

_____

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Spalding was charged in Jefferson County District Court on March 2. The state charges, however, were dismissed on March 24 due to the failure of the Commonwealth to conduct a preliminary hearing within 20 days. Spalding was then indicted by a federal grand jury on November 11, 2006, and charged with possession of crack cocaine with intent to distribute (Count 1), using and carrying a firearm during the drug crime (Count 2), and being a felon in possession of a firearm (Count 3).

Police impounded the Lincoln Aviator, which had been reported stolen approximately six months earlier, and processed it for evidence. The evidence technician who processed the Aviator found an empty McDonald's sandwich box, an empty plastic water bottle, and three cigar butts. The technician lifted two finger prints from the sandwich box, one of which matched Spalding's,[1] swabbed the mouth of the water bottle for DNA evidence, and created a control swab.

The evidence technician destroyed the sandwich box after lifting the fingerprints, believing she had gathered any potentially useful evidence. The fingerprints and other items were preserved. In January, 2007, while the federal case was pending, Louisville Police Detective Charles Louden ("Louden"), the lead detective in the drug case,[2] received an inquiry from the police department's property room as to whether the other items should be disposed of or retained.[3] The inquiry referenced the name of the victim of the theft of the stolen Aviator, not the name of Spalding. Likewise, the inquiry did not reveal that the evidence had come from the Aviator. After determining

---

[1] The other fingerprint has not been matched to any person in the Commonwealth's database of fingerprints.

[2] The investigation related to the theft of the Aviator was assigned to different detectives in a different division.

[3] Such inquiries are done as a matter of course on an annual basis.

2

that there was no open case in the name of the victim, Louden authorized the disposal of the items without realizing their connection to Spalding's case. The items were destroyed in January, 2008. The fingerprint evidence was retained.

Spalding moved to dismiss the indictment because the evidence had been destroyed. An evidentiary hearing was conducted by a magistrate judge who concluded that since the evidence was merely potentially useful to defendant, the indictment was not subject to dismissal absent a showing of bad faith on the part of the officers. Concluding that Spalding had not shown bad faith, the magistrate judge recommended that Spalding's motion to dismiss be denied. The district court adopted the magistrate judge's recommendation and denied the motion. Spalding was convicted by a jury of the lesser-included offense charged in Count 1 of possessing crack cocaine, acquitted of Count 2 and convicted of Count 3. Spalding was sentenced to 90 months of imprisonment. This timely appeal followed.

## II.

### A.     The Motion to Dismiss

#### 1.     Standard of Review

Where a defendant moves the district court to dismiss an indictment on the basis of the destruction of potentially exculpatory evidence, we review the issue *de novo*. *United States v. Jobson*, 102 F.3d 214, 217 (6th Cir. 1996). We review the district court's factual findings for clear error. *United States v. Branch*, 537 F.3d 582, 590 (6th Cir. 2008) (citing *United States v. Cody*, 498 F.3d 582, 589 (6th Cir. 2007)).

**2.     Discussion**

Our consideration of this issue is framed by two United States Supreme Court cases, *California v. Trombetta*, 467 U.S. 479 (1984) and *Arizona v. Youngblood*, 488 U.S. 51 (1988). The government violates a defendant's due process rights when it does not preserve material exculpatory evidence. *Trombetta*, 467 U.S. at 488-89; *see also United States v. Wright*, 260 F.3d 568, 570 (6th Cir. 2001). The destruction of materially exculpatory evidence violates the defendant's due process rights, regardless of whether the government acted in bad faith. *Trombetta*, 467 U.S. at 488; *Wright*, 260 F.3d 571. Spalding makes no claim that the evidence at issue here was materially exculpatory.

Spalding does claim, however, that the evidence at issue here was "potentially useful" evidence. To establish a due process violation for failing to preserve potentially useful evidence, the defendant must show that the government acted in bad faith. *Youngblood*, 488 U.S. at 58. A determination of bad faith turns on the government's knowledge of the evidence's exculpatory value at the time it was lost or destroyed. *Id.* at 56 n.*; *Wright*, 260 F.3d at 571. Negligence, even gross negligence, on the part of the government does not constitute bad faith. *Wright*, 260 F.3d at 571; *Jobson*, 102 F.3d at 218.

Spalding argues that the government's conduct in destroying the evidence was "intentional and reckless" and asks us to hold that reckless misbehavior by the government in destroying potentially useful evidence constitutes bad faith and violates a defendant's due process rights. Although there appears to be no prior decision of this Circuit which addresses the precise question posed by Spalding, Spalding points to decisions of other circuits in support of his claim. *See, e.g., United States v. Cooper*, 983 F.2d 928 (9th Cir. 1993); *United States v. Bohl*, 25 F.3d 904, 911-13 (10th Cir. 1994). We need not reach the issue framed by Spalding in this case, however.

4

The district court explicitly found "no evidence that any agent of the government acted in bad faith when ordering [the evidence's] destruction" and that "the facts before the court could not justify a finding of recklessness." We find no error, much less clear error, in the district court's factual findings. The conduct of the government agents was, at most, negligence, but it was not bad faith or reckless. Since the district court did not err in its conclusion that the facts would not support a finding of recklessness, we need not address Spalding's claim that reckless conduct constitutes bad faith under *Youngblood*.

## B.      The Requested Jury Instruction

### 1.      Standard of Review

We review the refusal of the district court to give a requested instruction for abuse of discretion. *United States v. Frost*, 914 F.2d 756, 766 (6th Cir. 1990).

### 2.      Discussion

Spalding requested the following jury instruction: "If the agents or employees of the government intentionally destroyed evidence, you may infer that the destroyed evidence would have been adverse to the government and favorable to the defendant." The district court refused to give the requested instruction.

Spalding claims that the government's failure to preserve evidence constituted spoliation, entitling him to the requested instruction and the resulting presumption. "Spoliation is defined as the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Boxley*, 373 F.3d 759, 762 (6th Cir. 2004) (citation omitted). We have defined intentional destruction "not as a knowing and willful removal of evidence, but as removal with the purpose of rendering it inaccessible or useless to the defendant in preparing [his]

5

case; that is, spoiling it." *Id.* (citation and internal quotation marks omitted). We agree with the district court that evidence of such intent does not exist in this case and the request for the jury instruction was properly denied.

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.